**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**WARREN E. IVEY,**

        **Plaintiff,**

     **v.**

**JAMES L. LYMAN,**

        **Defendant.**

**Civil No: 9:02-CV-00470 (GLS/GJD)**

**APPEARANCES:**         **OF COUNSEL:**

**FOR THE PLAINTIFF:**

**WARREN E. IVEY**
Plaintiff, *Pro Se*
09338-052
FCI Ray Brook
P.O. Box 9001
Ray Brook, NY 12977

**FOR THE DEFENDANT**:

**HON. ELIOT SPITZER**     **JAMES C. WOODS**
New York State Department of Law   Assistant U.S. Attorney
Albany Office
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**U.S. District Judge**

### MEMORANDUM-DECISION AND ORDER
### I. Introduction

Plaintiff *pro se* Warren Ivey brings this action pursuant to 42 U.S.C. §

1983. Ivey alleges that the defendant James Lyman violated his civil rights when he used excessive force while conducting a search. Pending are Ivey's objections to Chief Magistrate Judge Gustave J. DiBianco's Report-Recommendation. Upon careful consideration of Ivey's objections, the parties' arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.[1]

## II. Procedural History

Ivey commenced this action on April 1, 2002. *Dkt. No. 1*. On September 20, 2004, Lyman moved for summary judgment. *Dkt. No. 34*. Ivey filed a cross motion for summary judgment on October 25, 2004. *Dkt. No. 38*. On June 1, 2005, Judge DiBianco issued a Report-Recommendation which recommended that Lyman's motion for summary judgment be granted only to the extent that the complaint alleges claims under 42 U.S.C. §§ 1981and 1983, but denied Lyman's motion in all other respects. Judge DiBianco also recommended that Ivey's cross-motion for summary judgment be denied. *Dkt. No. 44*. Ivey filed objections to Judge DiBianco's Report-Recommendation on June 20, 2005. *Dkt. No. 46*.

---

[1] The Clerk is hereby directed to attach the Report-Recommendation to constitute a complete record of the court's decision on this matter.

2

## II.     Discussion[2]

### A.  Standard of Review

The Court reviews the objected to findings and recommendations in a magistrate's report-recommendation *de novo*, and will accept the report's uncontested parts unless they are "clearly erroneous."  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).  The court adopts the motion for summary judgment standard as articulated in Judge's DiBianco's Report-Recommendation. *Report-Recommendation pp. 2-3, Dkt. No. 44.*

### B.     Objections to Report-Recommendation

Judge DiBianco recommended denying both parties' motions for summary judgment because questions of fact remain.  Specifically, he found that the court could not determine if Ivey was punched in the face by Lyman.  *Report and Recommendation p. 9*.  He also found that the court is unable to determine, at this time, the manner in which the search was conducted and whether a coat hanger was used.  *Report and Recommendation p. 10*.  Lastly, the Judge found that whether Ivey suffered

---

[2]The court adopts the factual summary in Judge DiBianco's Report-Recommendation, and assumes familiarity with the facts alleged in Ivey's complaint.  *Dkt. Nos. 44, 1.*

3

any adverse effects or sexual abuse from the alleged strip search cannot be determined on summary judgment.

Ivey does not directly object to any of the Judge's findings. Instead, he first objects to the Judge's reference to an informant used by Lyman to gain information about Ivey's drug concealment practices. *Pl.'s Objs. p. 2.* The Judge's reference was simply a reiteration of the facts as alleged by the defendant. The Judge clearly states that "*according to defendant*, information was received from another arrestee that plaintiff was well know to carry crack cocaine in his anal area." *Report and Recommendation Fact Section p. 3.* This objection is irrelevant to the legal analysis employed by Judge DiBianco, and therefore need not be considered further by the court.

Second, Ivey disputes the Judge's characterization of his actions following the alleged strip search. Judge DiBianco states that the fact Ivey "did not mention the incident to anyone after it took place *may* reflect on his credibility, but that credibility was not a determination to be made by the court at this juncture." *Report and Recommendation p. 11.* Ivey offers the testimony of his attorneys, who claim that Ivey told them about the search immediately after its occurrence, to dispute Judge DiBianco's statement. This objection is also irrelevant to the legal analysis employed by Judge

4

DiBianco, and therefore need not be considered further by the court.

Lastly, Ivey argues that since he is *pro se* he should be afforded more time to amend his motion and submit more evidence. While the court is willing to allow the appropriate leniency to *pro se* litigants, further allowances here would be inappropriate.

Accordingly, the Reprot-Recommendation is adopted in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hearby

**ORDERED** that the defendant's motion for summary judgment is **GRANTED** and the complaint dismissed to claims under 42 U.S.C §§ 1981 and 1983; and it is further

**ORDERED** that plaintiff's cross-motion for summary judgment is **DENIED**, and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED.**

**September 30, 2005**
**Albany, New York**

Gary L. Sharpe
U.S. District Judge