UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WARREN EDWARD IVEY,

                        Plaintiff,

    v.                                              9: 02-CV-0470
                                                          (GLS)(GJD)

JAMES LYMAN,

                        Defendant.

---

APPEARANCES:                                      OF COUNSEL:

WARREN EDWARD IVEY
Plaintiff, *pro se*

OFFICE OF THE UNITED                        BARBARA D. COTTRELL, AUSA
STATES ATTORNEY
Attorneys for Defendant

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## DECISION and ORDER

       Plaintiff commenced this action by submitting a complaint.[1] Dkt. No. 1. Defendant filed a motion for summary judgment on September 15, 2004. Dkt. No. 34. Plaintiff responded in opposition to defendant's motion for summary judgment, and also made a cross-motion for summary judgment. Dkt. Nos. 37, 38. This Court issued a Report and Recommendation on June 1, 2005 which recommended (1) granting defendant's motion for summary judgment to the extent that the complaint alleges claims under 42 U.S.C. §§ 1981 and 1983; (2) denying defendant's motion for summary judgment in all other respects; and (3) denying plaintiff's cross-motion for summary judgment. Dkt. No. 44. The Report and Recommendation was adopted in its entirety by Order of

---

[1] While plaintiff's complaint was filed by an attorney on behalf of plaintiff, plaintiff is now proceeding *pro se*. *See* Dkt. No. 17.

United States District Judge Gary L. Sharpe filed on September 30, 2005.

Presently before the Court is a motion from plaintiff asking the Court to "issue a writ of attachement [*sic*] in the amount of Three Million dollars for damages by defendant in the above Civil Action or Complaint." Dkt. No. 50 at 1.  Plaintiff argues that he is entitled to the writ of attachment because there is a good possibility that plaintiff will "win at trial." *Id*. at 2.  Defendant opposes the motion because "[i]n making his application, plaintiff entirely fails to provide to the Court any reference to the state provisions upon which he relies, nor does he attempt any demonstration that the instant matter presents such circumstances as would make applicable any state provision for attachment of property in a matter of this nature." Dkt. No. 52.  In reply, plaintiff states that he is incarcerated at the Federal Correctional Institution at Ray Brook, New York and "the law library does not carry New York State Law Books." Dkt. No. 53.

Rule 64 of the Federal Rules of Civil Procedure states:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action.

Fed. R. Civ. P. 64.

In New York State, the issuance of a writ of attachment is governed by New York Civil

Practice Laws and Rules ("CPLR") 6201 and 6212.  CPLR 6201 provides:

> An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when:
>
> 1. the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state; or
>
> 2. the defendant resides or is domiciled in the state and cannot be personally served despite diligent efforts to do so; or
>
> 3. the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts; or
>
> 4. the action is brought by the victim or the representative of the victim of a crime, as defined in subdivision six of section six hundred twenty-one of the executive law, against the person or the legal representative or assignee of the person convicted of committing such crime and seeks to recover damages sustained as a result of such crime pursuant to section six hundred thirty-two-a of the executive law; or
>
> 5. the cause of action is based on a judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, or on a judgment which qualifies for recognition under the provisions of article 53.

CPLR 6201.  CPLR 6212(a) states that on a motion for an order of attachment, plaintiff must demonstrate that "there is a cause of action, that it is probable that plaintiff will succeed on the merits, and that one or more grounds for attachment provided in [CPLR] section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff."  The burden of proof is upon the moving party to establish grounds for the writ of attachment.  *General Textile Printing & Processing Corp. v. Expromtorg International Corp.*, 862 F. Supp. 1070, 1073

(S.D.N.Y. 1994) (citation omitted).  "The issuance of an order of attachment, even if the statutory requirements are met, is in the discretion of the court." *General Textile Printing & Processing Corp.*, 862 F. Supp. at 1073 (citation omitted).

In the present action, plaintiff has **not** established that one of the grounds for attachment set forth in CPLR 6201 exists.  Moreover, plaintiff has **not** submitted evidence to demonstrate that it is "probable that plaintiff will succeed on the merits" of his action. *See* CPLR 6212(a).  Accordingly, plaintiff's motion for a writ of attachment is **denied**.

**WHEREFORE**, based upon the above, it is hereby

**ORDERED**, that plaintiff's motion for a writ of attachment (Dkt. No. 50) is **DENIED**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties.

Dated: May 25, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge